IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAMON LAYER-ROSARIO, et al.       )
                                  )
    v.                             )       NO. 3:16-0628
                                  )
ALLIED MORTGAGE CAPITAL CORP., et al.  )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 21, 2016 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, to enter a scheduling order for management of the case, to dispose or recommend disposition of any pre-trial motions, and to conduct further proceedings if necessary.

Presently pending before the Court are the separate motions to dismiss of Bank of America, N.A. (Docket Entry No. 13), Rushmore Loan Management Services, LLC, and Wilmington Savings Fund Society, doing business as Christiana Trust, not in its individual capacity but solely as Trustee for BCAT-2014-4TT ( Docket Entry No. 28), and Bayview Loan Servicing, LLC (Docket Entry No. 39). Plaintiffs have filed responses in opposition to the motions. *See* Docket Entry Nos. 36 and 41. For the reasons set out below, the undersigned Magistrate Judge recommends that the motions be GRANTED.

# I. BACKGROUND

Ramon Layer-Rosario and Diana Layer-Rosario ("hereinafter referred to collectively as Plaintiffs") are residents of Clarksville, Tennessee. On March 3, 2016 , they filed a *pro se* lawsuit in the Circuit Court of Montgomery County, Tennessee, against Allied Mortgage Capital Corp. ("Allied"), National City Mortgage Cop. ("National City"), Bayview Loan Servicing, LLC ("Bayview"), Bank of America f/k/a/ Countrywide Home Loans ("Bank of America"), Rushmore Loan Management Services, LLC ("Rushmore"), Wilmington Savings Fund Society, as Trustee for BCAT-2014-4TT ("Wilmington"), and Avenue a/k/a 365 Lender Services ("365 Lender Services"). *See* Complaint (Docket Entry No. 1-1).

Plaintiffs' lawsuit revolves around their residential property located at 1810 Apex Drive, Clarksville, Tennessee ("the Property"). In June 2003, Plaintiffs executed a promissory note ("the Note") with Allied in order to borrow funds to purchase the Property. As security for the Note, Plaintiffs executed a deed of trust ("Deed of Trust") to the Property in favor of Allied as the beneficiary. The Deed of Trust was subsequently and successively assigned to National City, Bayview, Countrywide Home Loans, Inc., Bank of America, the Secretary of Housing and Urban Development, Rushmore, and Wilmington. Although Plaintiffs modified their loan agreement on two occasions, they eventually defaulted on their payment obligations and foreclosure proceedings were instituted on behalf of Wilmington. Plaintiffs dispute the legality of the successive assignments of the Deed of Trust and contend that Wilmington has no authority to foreclose on the Property because it does not have a valid beneficial interest in the Note and Deed of Trust. *Id*. at ¶¶ 17-26. Plaintiffs bring the following causes of action: lack of standing to foreclose, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, and recission.

*Id*. at ¶¶ 27-82. As relief, Plaintiffs seek damages, declaratory relief, an order of rescission, and preliminary injunctive relief to stop a foreclosure proceeding. *Id*. at pp. 20-24.

On March 18, 2016, Defendant Bank of America removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331 in light of the alleged violations of the Truth in Lending Act, 15 U.S.C. 1601 *et seq*., ("TILA"). *See* Docket Entry No. 1. Removal was not contested. On April 8, 2016, the Court held a hearing on Plaintiffs' motion for a temporary restraining order to enjoin the foreclosure sale and/or to prevent Plaintiffs from being removed from the Property. After noting that the foreclosure sale occurred on March 8, 2016., the Court denied the motion. *See* Order entered April 8, 2016 (Docket Entry No. 26). Despite the foreclosure sale, Plaintiffs have not filed a change of address notice, prompting the court to presume that they still reside at the Property.

The record in the action does not indicate that Defendants Allied or National City have been served with process. In lieu of answers, Defendants Bank of America, Bayview, Rushmore, and Wilmington (hereinafter referred to collectively as "Defendants") filed the pending motions to dismiss. Defendants assert that the Note and Deed of Trust for the Property were properly assigned via recorded assignments, and they contend that Plaintiffs have not set forth any legally supportable argument for why the assignments should be deemed invalid. Defendants further argue that the facts alleged by Plaintiffs fail to support the various legal theories of recovery set out in the Complaint. Defendant Bayview additionally contends that its only involvement in the matter was that it was the record holder of the Deed of Trust for approximately two months in 2006 before assigning the Deed of Trust to Countrywide Home Loans, Inc. Bayview argues that Plaintiffs' claims, which are not directed at any specific Defendant but are alleged collectively against "Defendants," are, nonetheless,

3

primarily directed at either the initial lender or the final holder of the interest in the Property. *See* Bayview's Memorandum in Support (Docket Entry No. 40). In support of its motion, Defendant Bank of America has attached copies of the Note, the Deed of Trust, and the assignments at issue.[1]

Plaintiffs respond by arguing that their Complaint was pled with particularity and under oath, that their claims are legally cognizable, and that they have alleged sufficient facts to support their claims. *See* Docket Entry Nos. 36 and 41. They call particular attention to their allegations that the assignments have been "self-assigned" and that at least one assignment was made by an individual they assert has been identified as a "robo-signor." *Id*. They further contend that their failure to comply with their payment obligations should not impact their claims and they request that, because they are proceeding *pro se*, they be given leave to amend their complaint if it is deficient. *Id*.

## II. STANDARD OF REVIEW

Defendants' motions to dismiss are reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiffs' favor, and construe the complaint liberally in favor of the *pro se* Plaintiffs. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiffs must provide the grounds for their entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] In reviewing the motions to dismiss, the Court has not excluded the documents relied on by Defendants. The documents, some of which are themselves attached to Plaintiffs' Complaint, are referred to in the Complaint and are central to Plaintiffs' claims. *See Gardner v. Quicken Loans, Inc.*, 567 Fed.App'x 362, 364–65 (6th Cir. June 2, 2014); *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 n.5 (M.D. Tenn. 2012).

4

544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiffs' factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSION

A. Motions to Dismiss

Although Plaintiffs' status as *pro se* litigants requires the Court to view their Complaint with some measure of a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). The Court is simply not

5

required to either supply or assume facts that are not pled in the Complaint or to create viable claims for Plaintiffs based upon unsupported theories. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). Even when given a liberal construction, Plaintiffs' allegations fail to state claims for relief that survive the motions to dismiss.

Initially, the Complaint is deficiently pled with respect to the applicability of the causes of action to each Defendant. Plaintiffs' legal causes of action are pled collectively against "Defendants" or "Defendant(s)." Although the collective pleading of a cause of action is sometimes appropriate, there is no apparent basis for collectively pleading the causes of action in this case given that each Defendant's alleged involvement is limited to specific actions and that only Defendant Wilmington is alleged to have been involved in the events surrounding the foreclosure, which is the main focus of their lawsuit and their legal claims. As pointed out by Defendant Bayview in its motion, its involvement in the events at issue was very limited, and Plaintiffs have not alleged facts that would render Bayview liable under any of the alleged legal causes of action.

Plaintiffs' lack of standing claim and their request for declaratory relief are essentially based upon their contention that the final holder of the Note and Deed of Trust does not have a legal interest in the Property and, thus, had no legal right to foreclosure on the Property. Plaintiffs argue that the successive assignments of the Note and Deed of Trust were invalid, that a chain of title has not been established, and the possession of the original Note has not been shown. *See* Complaint at ¶¶ 17-31. The Court finds that Plaintiffs' arguments lack merit.

The terms of the Note and Deed of Trust do not restrict their assignment but, instead, permit them to be assigned. *See* Docket Entry No. 14-1 at ¶ 1, and Docket Entry No. 14-2 at ¶ 12. Under

6

Tennessee law, the Note could be sold or assigned to another party who then receives the right to enforce the underlying debt obligation. *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014), *reh'g denied* (Dec. 24, 2014); *Aurora Loan Servs., LLC v. Woody*, 2014 WL 7463032, *11 (Tenn. Ct. App. Dec. 30, 2014). Furthermore, whoever holds a promissory note secured by a deed of trust also owns the deed of trust. *Thompson*, *supra*. The exhibits to the motion to dismiss of Bank of America show the successive, recorded assignments of the Deed of Trust and Note. Having received the final assignment of the Deed of Trust and the underlying debt obligation in the Note, Wilmington was entitled to pursue foreclosure upon the Property, a remedy provided for in the Deed of Trust. *See Kebede v. Suntrust Mortgage, Inc.*, 612 Fed.App'x 839, 840 (6th Cir. Sept. 2, 2015); *Malone v. Bank of New York Mellon*, 2013 WL 4508709, *4 (M.D. Tenn. Aug. 23, 2013) (Haynes, J.); *Aurora Loan Servs., LLC,* 2014 WL 7463032 at *10.

Plaintiffs' allegation that the assignments were flawed or invalid and, therefore, Defendant Wilmington lacked a legal basis to foreclose, do not support a viable challenge because a litigant who is not a party to an assignment lacks standing to bring challenges to the validity of an assignment. *Berry v. Mortgage Elec. Registration Sys.*, 2015 WL 5121542, *3 (Tenn. Ct. App. Aug. 31, 2015), appeal denied (Mar. 22, 2016); *Hutchens v. Bank of Am. N.A.*, 2012 WL 1618316, at *10 (E.D. Tenn. May 9, 2012). Furthermore, Tennessee does not require the recording of a note's assignment in order for the assignee to enforce the accompanying lien created by the deed of trust. *Dauenhauer v. Bank of New York Mellon*, 562 Fed.App'x 473, 481 (6th Cir. 2014). Plaintiffs' arguments regarding lack of possession of the Note, "robo-signing," and an improper chain of custody fail to support plausible challenges to foreclosure. *See Connolly v. Deutsche Bank Nat. Trust Co.*, 581 Fed.App'x 500, 507 (6th Cir. 2014); *Donaldson v. BAC Home Loans Servicing, L.P.*,

7

813 F. Supp. 2d 885, 893-96 (M.D. Tenn. 2011); *Aurora Loan Servs., LLC,* 2014 WL 7463032 at *12 (rejecting "show me the note" defense when the promissory note contains a waiver of presentment clause).

Plaintiffs' claims for quiet title and for slander of title are essentially boot-strapped to their claim for lack of standing to foreclose and are based upon their contention that Defendant Wilmington did not have the legal authority to foreclose upon the Property. Both of these claims are meritless and fail to state plausible claims for relief. To pursue a claim for quiet title, Plaintiffs must show that they have the legal title to the Property. Plaintiffs' assertion of legal title, *see* Complaint at ¶ 56, is unsupported and nonsensical. More importantly, Plaintiffs admit that they have failed to fulfill their obligations under the Note, *see* Docket Entry No. 41 at 3, and cannot show that they have a valid basis upon which to claim the legal title to the Property. In such a scenario, Plaintiffs have no claim for quiet title. *See Kebede*, 612 Fed.App'x at 841 ("title resides with the mortgagor until the mortgagee satisfies his mortgage debt"); *Dauenhauer*, 562 Fed.App'x at 481 ("Because Borrowers have not alleged that they paid their debt in full, they do not have the right to obtain title of the property from the trustee."). Similarly, given the Plaintiffs' meritless claims that Wilmington did not have rights to foreclose upon the Property and did not hold the legal title to the Property at the time of foreclosure, Plaintiffs' claim for slander of title necessarily fails. *See Thompson*, 773 F.3d at 754.

Plaintiffs' claim for fraud in the inducement is both insufficiently pled and inapplicable as alleged. For claims based upon allegations of fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires Plaintiffs to "state with particularity the circumstances constituting fraud." *See Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 41 (Tenn. Ct. App. 2006) ("Allegations of fraud must

be [pled] with particularity."). Accordingly, Plaintiffs must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993). Although it is apparent that Plaintiffs' fraud in the inducement claim is linked to the foreclosure on the Property, they have not pled the required specificity of supporting factual allegations. Furthermore, Plaintiffs raise this claim in the context of the events occurring with respect to the foreclosure or the exercise of remedies under the Note and Deed of Trust upon Plaintiffs' default of their obligations. *See* Complaint at ¶¶ 32-36. However, a claim for fraudulent inducement is a claim directed at allegations of fraud that induced a party to enter into a contract or transaction. *See Lamb v. MegaFlight*, Inc., 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000)

There are also no facts alleged that would support a plausible claim that any Defendant acted in an outrageous manner causing serious mental injury to Plaintiffs, a showing required for their claim of intentional infliction of emotional distress. *Bain v. Wells*, 936 S.W.2d 618, 622 n. 3 (Tenn. 1997). *See also MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 729 (6th Cir. 2007).

Plaintiffs' final claim is for recission of "the loan and all accompanying loan documents" because of violations of the Truth in Lending Act, fraudulent inducement, "making illegal or fraudulent transfers of the note and deed of trust," and "public policy grounds." *See* Complaint at ¶ 77. Plaintiffs allege that, on September 14, 2015, they sent to Defendant Rushmore a notice of rescission pursuant to Section 1635 of the TILA. *Id.* at 78. Plaintiffs contend that they "only recently became aware of the fraud and their rights to rescind the transaction pursuant to the [TILA]." *Id.* at ¶ 80.

9

This claim lacks merit. As Defendants point out, the right of recission under the TILA does not apply to residential mortgage transactions that are used "to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1635(e)(1); *Infante v. Bank of Am. Corp.*, 468 Fed.App'x 918, 920 (11th Cir. 2012); *Yaldu v. Bank of Am. Corp.*, 700 Fed.Supp.2d 832, 841 (E.D. Mich. 2010). The facts of this action implicate this exemption. Plaintiffs have not shown that this exemption does not apply or otherwise shown that they are entitled to pursue rescission under the TILA. To the extent that Plaintiffs seek rescission as a remedy for claims that sound in state law, the Court has found Plaintiffs' various claims of fraud and illegality in the assignment of the Deed of Trust and Note to be unfounded, and Plaintiffs have not set out a plausible argument for a common law claim of recission, let alone alleged facts showing their entitlement to such relief.

In the end, Plaintiffs' failed to meet their payment obligations under the Note and the Property was foreclosed in accordance with the Deed of Trust. Plaintiffs have not alleged any facts or arguments in their Complaint that render the foreclosure legally suspect or support the legal claims they have alleged. The arguments made by Plaintiffs in their responses to the motions to dismiss likewise lack legal merit and fail to rebut the motions to dismiss. Finally, given the lack of merit that is apparent in Plaintiffs' legal claims, no amendment of the pleadings would enable Plaintiffs to cure the deficiencies of their Complaint.

B. Defendants 365 Lender Services, Allied, and National City

Defendant 365 Lender Services has appeared in the action, *see* Docket Entry No. 38, but did not join in the motions to dismiss. However, it is entirely unclear from both Plaintiffs' Complaint and from the related filings why this Defendant has been sued. There are no specific factual

allegations made against this Defendant and this Defendant's name does not appear anywhere in the record of assignments of the Deed of Trust and Note that are at issue. *Sua sponte* dismissal of this action as to this Defendant is warranted for the same reasons as dismissal is warranted in favor of the moving Defendants. It would be a futile and an uneconomical use of judicial resources to conduct further proceedings with respect to this Defendant given the deficiencies in Plaintiff's Complaint.[2]

There is no indication that Defendants Allied and National City have been served with process in this action. Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Accordingly, dismissal of Defendants Allied and National City is warranted under Rule 4(m).

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that:

1) the motions to dismiss of Bank of America, N.A. (Docket Entry No. 13), Rushmore Loan Management Services, LLC, and Wilmington Savings Fund Society, doing business as Christiana

---

[2] This Report and Recommendation and the fourteen day period for objections to be filed by Plaintiffs satisfy the procedural requirements for a *sua sponte* grant of dismissal under Rule 12(b)(6). *See Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984). *See also Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984).

11

Trust, not in its individual capacity but solely as Trustee for BCAT-2014-4TT ( Docket Entry No. 28), and Bayview Loan Servicing, LLC (Docket Entry No. 39) be GRANTED;

2) the claims against Defendant Avena a/k/a 365 Lender Services, LLC, be DISMISSED for the reasons stated herein;

3) Defendants Allied Mortgage Capital Corp. and National City Mortgage Corp. be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

4) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge